MILESKI ET AL., APPELLANTS, *v.* ORTMAN ET AL., APPELLEES.

(No. 11458—Decided May 2, 1984.)

*Mr. David C. Engle,* for appellants.
*Mr. Bernard L. Kahn,* for appellees.

BAIRD, P.J. Steven M. Mileski and some friends were driving around on the evening of May 30, 1982. According to Mileski's account of the evening, he encountered the boyfriend of one of his passengers on a dead-end street in Stow. Mileski alleges that as he attempted to drive out of the street his path was blocked by a car owned by John McWhorter and occupied by defendants McWhorter, John Ortman, Michael Simmons, and Curt Titmas. Mileski alleges that when he got out of the car to ask if there was a problem, these defendants attacked him. Mileski and his mother brought this action to recover for his injuries.

When McWhorter's insurance carrier denied coverage for an intentional assault Mileski filed a claim under the uninsured motorist provision of his mother's insurance policy with Nationwide Insurance Company. Nationwide also denied coverage. Mileski filed an amended complaint seeking a declaration that he was entitled to coverage under the Nationwide policy. This claim was separately tried to the court, and

judgment was rendered in Nationwide's favor. The trial court found there was no just reason for delay, and Mileski appeals.

### Assignments of Error

"I. The trial court erred as a matter of law by applying the wrong legal test to the issue of coverage.

"II. The trial court's conclusion of law, finding that there was no coverage because the assault was a criminal act and therefore intervening and unrelated to the use of the vehicle, was error and prejudicial to the plaintiff-appellant."

The policy in question covers damage which "results from an accident arising out of the ownership, maintenance, or use of the uninsured vehicle." The applicable law in this case is set out in *Kish* v. *Central Natl. Ins. Group* (1981), 67 Ohio St. 2d 41 [21 O.O.3d 26], which construed an identical provision. In *Kish*, appellant's husband was in his insured vehicle, stopped at a traffic signal. His automobile was struck from behind. When Kish got out of his car to confer with the other driver, the other driver fatally shot Kish with a shotgun. Appellant, as administratrix, attempted to recover under her husband's uninsured motorist policy. The Supreme Court held that the determination of whether the occurrence was an "accident" for purposes of uninsured motorist coverage must be made from the standpoint of the insured, and that the claim under an uninsured motorist provision may not be denied solely because the injury was intentionally inflicted. In addition, the accident must arise out of the *ownership, maintenance,* or *use* of the uninsured vehicle. In construing this language the Supreme Court, at 50, stated:

"* * * The relevant inquiry is whether the chain of events resulting in the accident was unbroken by the intervention of any event unrelated to the use of the vehicle. The application of this standard to the instant facts leads us to conclude that the intentional, criminal act of the murderer was an intervening cause of injury unrelated to the use of the vehicle. As the court below stated, 'the death resulted from an act wholly disassociated from and independent of the use of the vehicle as such.' "

The trial court in this case applied the test set out in *Kish, supra,* and determined that the assault in this case was an intervening act unrelated to the use of the vehicle. The trial court did not apply the wrong standard in relying on *Kish,* and did not deny coverage based on the criminal nature of defendants' conduct. Accordingly, we overrule both assignments of error and affirm the decision of the trial court.

*Judgment affirmed.*

MAHONEY and QUILLIN, JJ., concur.